UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              CASE NO. 09-20490
v.                          HONORABLE GEORGE CARAM STEEH

ANTONIO JORDAN,

        Defendant.

_____/

### ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION (Doc. 49) AND DENYING CERTIFICATE OF APPEALABILITY

Federal prisoner Antonio Jordan, appearing *pro se*, moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The government has filed a response. For the reasons set forth below, defendant's motion shall be denied.

### I. BACKGROUND

Defendant pled guilty to being a felon in possession of a firearm. This court found that the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), required a minimum sentence of 15 years (180 months) based on his three prior convictions for serious drug offenses, and sentenced defendant to a within-guideline sentence of 188 months. Defendant actually had four prior drug convictions, of which only three were necessary for the sentence enhancement. On appeal, defendant admitted that his 1991 and 1998 drug convictions qualified under the ACCA, but argued that his 1993 and 1999 convictions did not. The Sixth Circuit ruled that the ACCA's sentence enhancement applied because both the 1993 and 1999 convictions qualified, and it affirmed the defendant's conviction and sentence. United States v. Jordan, 509 F. App'x 532 (6th Cir. 2013). In the § 2255 motion

now before the court, defendant argues that the ACCA sentence enhancement did not apply because his 1993 and 1998 convictions were not predicate offenses. Previously, on direct appeal, defendant had admitted that his 1998 conviction qualified. Now, defendant acknowledges that his 1991 and 1999 convictions qualify under the ACCA. (Doc. 49 at 4). Given that acknowledgment, if either the 1993 or 1998 conviction qualifies, then defendant is an armed career criminal under the ACCA. In addition, defendant argues that his counsel was ineffective for failing to raise a Terry objection to the seizure of a firearm. Both arguments lack merit. Defendant also requests an evidentiary hearing. An evidentiary hearing is not necessary where "the record conclusively shows that the petitioner is entitled to no relief." Arrendondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999) (citations omitted). Because the record is clear that defendant is not entitled to the relief sought, no evidentiary hearing shall be held.

## II. STANDARD OF REVIEW

A prisoner seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006) (citing Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003)). Moreover, the defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); Wright v. United States, 182 F.3d 458, 463 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging a non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall

-2-

v. United States, 21 F.3d 107, 109 (6th Cir. 1994). It is a "well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Fair v. United States, 157 F.3d 427, 430 (6th Cir. 1998) (quoting United States v. Frady, 456 U.S. 152, 166 (1982)).

### III. ANALYSIS

**1.      Sentencing Enhancement under the Armed Career Criminal Act**

In his § 2255 petition, defendant posits three reasons why his 1993 and 1998 convictions should not be considered in determining his status as an armed career criminal: (1) the judgments in the state drug convictions are ambiguous as to what defendant pled guilty to, (2) the charging documents considered by the court were not admitted into evidence during his state court guilty pleas or admitted to at his prior conviction hearings, and (3) this court should not have considered the plea questionnaire as proof of the charges to which he pled guilty. None of the above arguments are persuasive.

As an initial matter, this court focuses its analysis on the 1993 state drug conviction. If it applies, defendant has three prior serious drug offenses qualifying him as an armed career criminal. First, the court considers defendant's argument that his 1993 state court drug conviction is ambiguous, and thus, is not a proper basis for an enhanced sentence. Defendant raised this same issue at sentencing and on direct appeal, and thus is barred from doing so again here. DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996). Even if the court were to consider the issue on the merits, defendant's motion should be denied. Defendant's claim that the judgment in his 1993 state drug conviction is ambiguous is at odds with the judicial record. It is true the judgment lists only "second offense/double penalty" as the crime, which the Sixth Circuit has ruled creates the kind of ambiguity which

requires an examination of the charging document and plea agreement to determine the nature of the offense. An examination of those documents reveals that defendant's 1993 conviction qualifies as a serious drug offense. As the Sixth Circuit observed in its decision affirming this court, the charging document provides that the underlying offense for the 1993 conviction was for a violation of Mich. Comp. Laws § 333.7401(2)(a)(iv), which bans the manufacture, delivery, or possession with intent to manufacture or deliver of under 50 grams of a controlled substance. The maximum punishment for that offense is 20 years imprisonment, thus, qualifying as a serious drug offense under the ACCA.[1] Thus, it is clear that the 1993 conviction is not ambiguous and is a proper predicate for an ACCA enhancement.

Second, the court considers defendant's argument that the 1993 conviction cannot be considered because the charging documents "were not used as evidence" and defendant did not admit to the alleged facts in his prior conviction. (Doc. 49 at 4). The government attached the charging documents from the 1993 state conviction as exhibits to its sentencing memorandum and each charging document was properly certified by the state court as to its authenticity. (Doc. 29-1, 2, 3). The 1993 conviction papers included a state court plea questionnaire in which defendant admitted that he was pleading guilty to two counts of delivery of controlled substances, and that the maximum sentence was 40 years. (Doc. 29-3). This court properly considered the charging documents in finding the requisite three prior serious drug convictions for enhancing defendant's sentence.

---

[1] Section 924(e) defines a "serious drug offense" to include violations of state law "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924 (e)(2)(A)(ii).

Contrary to defendant's argument here, neither <u>Taylor v. United States</u>, 495 U.S. 575 (1990) nor <u>Shephard v. United States</u>, 544 U.S. 13 (2005) required this court to consider his plea colloquy to determine if his state drug conviction should be used to enhance his sentence.  When a review of the elements of the state statute is ambiguous as to whether the crime constitutes a predicate offense under § 924(e), the sentencing court may consider such a colloquy, but it may also rely on the charging document or comparable judicial record.  <u>Shephard</u>, 544 U.S. at 26; <u>see</u> <u>Taylor</u>; 495 U.S. at 602.  This court properly considered the charging paper which provides that the defendant "did deliver less than 50 grams of a mixture containing the controlled substance, cocaine" in violation of Mich. Comp. Laws § 333.7401(2)(a)(iv), (Doc. 29-2), and providing for imprisonment of up to 40 years, which clearly qualifies it as a "serious drug offense" under the ACCA.  Because the charging paper connected to the 1993 conviction left no doubt that defendant pled guilty to a serious drug offense within the meaning of § 924(e), the court needed to look no further before enhancing his sentence.

The court now turns to defendant's third argument that the Supreme Court's holding in <u>Shepard</u> somehow prohibits this court from considering the plea questionnaire in determining whether the 1993 state conviction should be counted towards the three serious drug convictions necessary to qualify him as an armed career criminal under the ACCA.  The Sixth Circuit considered the plea questionnaire in its order affirming defendant's sentence.  509 F. App'x at 535.  Even if a plea questionnaire is not the sort of judicial record contemplated by <u>Shepard</u>, and no precedent suggests that it is not, defendant's 1993 state conviction still qualifies as a serious drug offense based on the underlying offense set forth in the charging document.

-5-

**2.     <u>Ineffective Assistance of Counsel</u>**

Defendant argues that his counsel was ineffective for failing to argue at the suppression hearing that the standards set forth under <u>Terry v. Ohio</u>, 392 U.S. 1 (1968) applied. Defendant's argument lacks any basis in fact. Defense counsel articulated the <u>Terry</u> standard in her written motion to suppress (Doc. 17 at 5), and at oral argument. (Doc. 54, Ex. A at 30-32). Accordingly, defendant has failed to meet his burden under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) to show that counsel was deficient or that he suffered any prejudice as a result.

### IV. CONCLUSION

For the reasons stated above, defendant's § 2255 petition to vacate, set aside, or correct sentence is **DENIED.**

Under Fed. R. App. P. 22, an appeal may not proceed absent a certificate of appealability (COA) issued under 28 U.S.C. § 2253. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court finds no substantial showing of the denial of a constitutional right was made by defendant in these proceedings, and accordingly the issuance of a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

Dated:  May 21, 2014

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 21, 2014, by electronic and/or ordinary mail and also on Antonio Jordan, #43948-039 Federal Correctional Institution Elkton, P. O. Box 10, Lisbon, OH 44432.

s/Barbara Radke
Deputy Clerk