UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                      CASE NO. 09-20490
v.                                  HON. GEORGE CARAM STEEH

ANTONIO JORDAN,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF
FOR REHABILITATION AND PROGRAMMING (Doc. 59)**

Federal prisoner Antonio Jordan, appearing *pro se*, moves for relief for rehabilitation and programming pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, Defendant's motion shall be DENIED.

**I. BACKGROUND**

Defendant pled guilty to being a felon in possession of a firearm. This court found that the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), required a minimum sentence of 15 years (180 months) based on his three prior convictions for serious drug offenses, and sentenced defendant to a within-guideline sentence of 188 months. Defendant timely appealed and his sentence was affirmed. Defendant then filed a 28 U.S.C. § 2255 petition to vacate, set aside, or correct sentence which this court denied.

Defendant then filed a motion to file a second § 2255 motion on the grounds that his sentencing enhancement under the ACCA should be reconsidered in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) where the Supreme Court held the residual clause of the ACCA was unconstitutionally vague. The Sixth Circuit denied his motion to file a successive petition on the grounds that his sentence was enhanced on the basis of four prior serious drug offenses not for a "violent felony" and thus, *Johnson* did not apply.

In the motion now before the court, Defendant argues his sentence should be reduced because he is likely to be a productive member of society based on his completion of various educational programming while incarcerated, and based on his newly acquired knowledge of stiff sentences to be imposed in the federal system which would deter him from recidivism. Defendant seeks relief under 18 U.S.C. § 3582(c)(2).

## II. Analysis

While Defendant's participation in various educational programs while incarcerated is laudable, and Defendant's commitment to being a productive member of society upon release is to be commended, it is not a proper basis for a reduction in sentence.

18 U.S.C. § 3582(c)(2) provides:

**(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Defendant has made no showing that the sentencing range applicable to him at the time he was sentenced has been lowered by the Sentencing Commission. Accordingly, Defendant is not entitled to a reduction in his sentence pursuant to § 3582(c)(2).

### III. Conclusion

For the reasons set forth above, Defendant's motion for relief for rehabilitation and programming (Doc. 59) is DENIED.

**IT IS SO ORDERED**.

Dated: August 16, 2018

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 16, 2018, by electronic and/or ordinary mail and also on Antonio Jordan #43948-039, FCI Milan, Federal Correctional Institution, P.O. Box 1000, Milan, MI 48160.

s/Barbara Radke
Deputy Clerk