UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO JORDAN,

    Defendant.
_____/

Case No. 09-cr-20490

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [ECF NO. 74]

Defendant Antonio Jordan moves for compassionate release, primarily because of the risks associated with the COVID-19 pandemic. For the reasons explained below, Jordan's motion is denied.

BACKGROUND FACTS

Jordan is a prisoner housed at FCI Milan, where he is a little over half-way through serving a 188-month sentence for being a felon in possession of a firearm. On October 16, 2009, Jordan was indicted on one count of being a felon in possession of a firearm, which he had acquired in the parking lot of a jail immediately upon his release. Jordan pleaded guilty on June 14, 2010 without a Rule 11 plea agreement. On the date of his initial sentencing hearing, Jordan and his girlfriend absconded from the

-1-

courthouse. He remained a fugitive for over a year until he was brought to justice and sentenced.

The Presentence Report showed that Jordan had a chronic criminal history beginning at age 17 with a crack cocaine trafficking conviction. Prior to his current offense, Jordan had seven adult criminal convictions that equated to 10 criminal history points. These convictions included four cocaine trafficking offenses, domestic violence, marijuana possession and drinking in public. Jordan also has a history of possessing firearms.

Jordan's guideline range for the instant offense was 180-188 months' imprisonment. The Court considered his prior convictions as well as the fact that he absconded and sentenced Jordan to the top of the guideline range at 188 months. The sentence included a 15-year statutory mandatory sentence pursuant to the Armed Career Criminal Act ("ACCA") because Jordan had at least three prior convictions for a serious drug offense. This sentence was affirmed on appeal. *United States v. Jordan*, 509 Fed. App'x 532, 533 (6th Cir. 2013). Jordan's expected release date is April 23, 2025. While incarcerated, Jordan has been disciplined twice for possessing an unauthorized item and once for possession of narcotics.

Jordan is 46 years old and has a Body Mass Index (BMI) of 33.8. In 2019 he was diagnosed as having Essential (primary) hypertension.

Initially, Jordan's hypertension was controlled by diet and no medications were prescribed.  By the end of 2019, Jordan was prescribed medication for his hypertension, but a medical note from December 2, 2019 indicates he was not taking his medication.  Exercise, weight loss and a low salt diet were also prescribed.   Jordan has no other known chronic ailments.

## LAW AND ANALYSIS

I. Legal Standard

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the BOP or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion;  (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

An "extraordinary and compelling reason" for the reduction can be satisfied in cases where a defendant's medical conditions or overall state of health are such that they cannot be treated effectively or will worsen in a custodial environment.  To qualify, a defendant must have a medical condition, age-related issue, family circumstance, or other reason that satisfies the criteria in USSG § 1B1.13(1)(A) & cmt. n.1.  Medical conditions meeting the "extraordinary and compelling" standard include terminal illnesses or serious physical or cognitive impairments.  *Id.*  In addition, the defendant must "not [be] a danger to the safety of the any other person or to the community."  USSG § 1B1.13(2).

Even if these criteria are met, the court may not grant a motion for compassionate release unless the factors set forth in § 3553 support a sentence reduction.  *See* 18 U.S.C. § 3553(a); *United States v. Kincaid*, 802 Fed. Appx. 187 (6th Cir. 2020) (affirming denial of compassionate release motion when district court found that § 3553 factors did not weigh in favor of sentence reduction).  These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public.  18 U.S.C. § 3553(a).

II.     Analysis

Jordan made a request for compassionate release, which was denied by the warden of his facility on April 27, 2020.  Accordingly, as the government acknowledges, Jordan has exhausted his administrative remedies and the court may consider his motion.  18 U.S.C. § 3582(c)(1)(A); s*ee also United States v. Alam*, __ F.3d __, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding exhaustion to be mandatory).

Jordan seeks compassionate release from prison for two reasons.  First, he asserts that the First Step Act changed the predicate offenses that triggered the ACCA such that he no longer qualifies for the 15-year mandatory minimum sentence.  Jordan is incorrect in this regard.  The First Step Act changed the definition of the predicates necessary to trigger mandatory minimums for drug offenses, by amending the Controlled Substances Act, 21 U.S.C. § 801 et seq., but did not change the predicates for the gun crimes committed by Jordan under the ACCA.

Second, Jordan claims he should be released because of the COVID-19 pandemic and his health conditions, namely that he is overweight and has hypertension.  Jordan's BOP medical records confirm that he has a BMI of 33.8.  Prior to June 25, 2020, a BMI of 40 or higher was listed by the

CDC as a risk factor for COVID-19.  On June 25, 2020, the CDC stated that a BMI of 30 or higher was a COVID-19 risk factor.  The CDC stated that "[w]e are learning more about COVID-19 every day" and that it would continue to update its risk factors "as new information becomes available." https://www.cdc.gov/coronavirus/.  According to the CDC's new risk factors, hypertension – which is Jordan's other chronic medical condition – is not a definitive risk factor for COVID-19.  Rather, the CDC believes that hypertension "might be" a COVID-19 risk factor, but this determination is still uncertain because of the "limited data and information about the impact of underlying medical conditions and whether they increase the risk for severe illness from COVID-19."  *Id.*

Although the court appreciates Jordan's concerns, a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020); *accord United States v. Bridges*, No. 14-20007, 2020 WL 2553299, at *4 (E.D. Mich. May 20, 2020) (Cox, J.); *United States v. Alzand*, No. 18-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020) (Drain, J.).  *But see United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at

-6-

\*5 (E.D. Mich. May 7, 2020) (defendant's chronic health conditions, including diabetes, heart disease, and asthma, coupled with prison conditions, constituted extraordinary and compelling reasons) (Levy, J.). Furthermore, even if Jordan's medical condition qualifies as an "extraordinary and compelling" reason for release, Jordan's dangerousness makes him ineligible for compassionate release.

First, § 1B1.13(2) only permits release if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." It thus prohibits the release of violent offenders, including most drug dealers. *See United States v. Stone*, 608 F.3d 939, 947–48 & n.6 (6th Cir. 2010); *United States v. Knight*, No. 15-20283, 2020 WL 3055987, at \*3 (E.D. Mich. June 9, 2020). Jordan's chronic drug dealing convictions and his repeated illegal gun possession show that he is a danger to the community. In addition, Jordan's criminal history contains actual violent conduct. According to his Presentence Report, Jordan has a domestic violence conviction. (PSR at ¶ 36, p. 8). He has been arrested four separate times for domestic violence offenses that were never prosecuted. (Id. at ¶ 45-48, p. 10). Because Jordan's release would endanger the community, § 1B1.13(2) prohibits reducing his sentence under § 3582(c)(1)(A).

Second, the § 3553(a) factors, including Defendant's history and characteristics, the seriousness of the offense, promoting respect for the law, and providing just punishment, weigh against his request for compassionate release.  Prior to his instant conviction, Jordan had a long criminal history which includes multiple parole violations.  His very first prison term (for drug trafficking) resulted in Jordan being placed on parole two times, and each time he committed violations and was returned to custody. (PSR at ¶ 35, p. 7-8).  His second and third drug trafficking convictions also resulted in parole violations and his return to custody. (*Id.* at ¶ 39 and 41, p. 8-9).  In addition, Jordan is a serious drug abuser.  He began smoking marijuana "when he was approximately 16 years old and continued using daily until his arrest for the instant offense." (*Id.* at ¶ 63, p. 12).  Jordan even tested positive for marijuana four separate times while on pretrial release in this case. (*Id.*).  Jordan has also failed to maintain a clean record inside of prison.  He has three recent disciplinary infractions involving possession of contraband, including the possession of narcotics in 2016 – which suggests that "[t]he court cannot be assured that Defendant will comply with the terms of supervised release or social distancing recommendations if he is unable to follow basic rules while in custody." *Knight*, 2020 WL 3055987 at * 3.  Lastly, Jordan should not be released

now because he has only served about half of his prison term. *Id.* (denying compassionate release in part because releasing defendant "after only serving about a third of his sentence would not promote respect for the law or proper deterrence, provide just punishment and avoid unwarranted sentencing disparities"). In short, the § 3553(a) factors do not favor release.

Allowing Jordan to be released after only serving a fraction of his sentence would not promote respect for the law or proper deterrence, provide just punishment, or avoid unwarranted sentencing disparities. The court finds that Jordan is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for compassionate release is DENIED.

Dated: July 16, 2020

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 16, 2020, by electronic and/or ordinary mail and also on Antonio Jordan #43948-039, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

s/Brianna Sauve
Deputy Clerk