UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO JORDAN,

    Defendant.
_____/

Case No. 09-CR-20490

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S EMERGENCY
MOTION FOR COMPASSIONATE RELEASE [ECF NO. 89]

This matter is before the Court on defendant Antonio Jordan's second motion for compassionate release. Jordan argues that because the mother of two of his children recently died, he must be released to take care of them and to avoid losing his parental rights. For the reasons explained below, Jordan's motion is denied.

BACKGROUND FACTS

Jordan is a prisoner housed at FCI Milan, where he is serving a 188-month sentence after pleading guilty to felon in possession of a firearm. On the date of his initial sentencing hearing, Jordan and Sabrina Herman,

-1-

the recently deceased mother of his children, absconded from the courthouse. Jordan remained a fugitive for over a year until he was brought to justice and sentenced.

The Presentence Report showed that Jordan had a chronic criminal history beginning at age 17 with a crack cocaine trafficking conviction. Prior to his current offense, Jordan had seven adult criminal convictions that equated to 10 criminal history points. These convictions included four cocaine trafficking offenses, domestic violence, marijuana possession and drinking in public. Jordan also has a history of possessing firearms.

Jordan's guideline range for the instant offense was 180-188 months' imprisonment. The Court considered his prior convictions, as well as the fact that he absconded, in sentencing Jordan to the top of the guideline range at 188 months. The sentence included a 15-year statutory mandatory sentence pursuant to the Armed Career Criminal Act ("ACCA") because Jordan had at least three prior convictions for a serious drug offense. This sentence was affirmed on appeal. *United States v. Jordan*, 509 Fed. App'x 532, 533 (6th Cir. 2013). Jordan's expected release date is April 23, 2025.

On June 18, 2020, Jordan filed his first motion for compassionate release. The motion was based on Jordan's concerns related to the Covid-19 pandemic and his health conditions, as well as a legal argument regarding the ACCA. The Court denied the motion. With respect to the Covid-19 arguments, the Court found that Jordan's health conditions and his general concerns about Covid-19 did not constitute "extraordinary and compelling" reasons for his release. (ECF No. 79, PageID.551). The Court further held that even if he had provided an extraordinary and compelling reason, Jordan did not qualify for compassionate release because the § 3553(a) factors "do not favor release." (*Id*. at PageID.553). These factors included: (1) Jordan's "long criminal record which includes multiple parole violations," (2) the fact that Jordan was "a serious drug abuser," who "even tested positive for marijuana four separate times while on pretrial release in this case," (3) the fact that Jordan has "failed to maintain a clean record inside of prison," which included "recent disciplinary infractions involving possession of contraband," and (4) Jordan had only served about half of his prison term. (Id. at PageID.552-53).

On December 30, 2020, Jordan filed his new motion for compassionate release. Jordan claims that following the death of Ms.

-3-

Herman, his children have been left in the care of "maternal relatives" who are not able to care for the children long term (ECF No. 89, PgID.579-80). He also claims that remaining in prison is "preventing him from retaining his parental rights" over the children. (Id. at PgID.583).

## LAW AND ANALYSIS

### I. Legal Standard

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the BOP or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion; (2) extraordinary and compelling reasons warrant such a reduction; and (3) the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

II.     Exhaustion

In March 2020, Jordan made a request for compassionate release to the warden based on legal arguments regarding the ACCA. The warden denied his request on April 27, 2020. Jordan now seeks compassionate release based on a completely different reason, being that the mother of his children died. The Court notes that the purpose of exhaustion, which is to give the BOP an opportunity to act on a request before a defendant brings his request to the courts, is not met where the reasons provided to the warden and the court are vastly different. However, because Jordan fails to meet the other factors required before compassionate release will be granted, the Court need not determine whether Jordan exhausted his administrative remedies in this case.

III.    Extraordinary and Compelling Reasons

Jordan's motion states that his children are "in the care of (maternal) relatives who are not able to care for them long term." (ECF No. 89, PageID.579-80). However, Jordan does not offer any proof, facts or details to support this assertion. In addition, Jordan's Presentence Report showed he has several other adult family members, including his mother, sister, brother and two half-brothers. Based on the information presently before

the Court, it appears that Jordan's children are, in fact, currently being cared for by relatives and there may be additional relatives who could possibly care for the children if necessary. Therefore, the welfare of the children does not constitute an extraordinary or compelling reason for Jordan's release.

Jordan's motion also alleges that if he is not released, he "could" lose his parental rights to the children or that they "could be" adopted. (ECF No. 89, PgID.580). Jordan offers no proof or facts that would indicate his parental rights are being terminated or that the children are in the process of being adopted. At the time Jordan's Presentence Report was prepared, Jordan was the father of five children by three different mothers, including one child, a six-month old, with Ms. Herman. According to the Presentence Report, Jordan "has no legal custody right for any of them." (PSR, ¶ 59, p. 11). During the time Jordan was a fugitive, he fathered a second child with Ms. Herman. (ECF No. 42, PageID.150). Jordan's legal custody rights as to this child were not addressed by the Presentence Report and are not known to the Court. The argument about losing his parental rights is speculative at best and does not provide an extraordinary and compelling reason for Jordan's release.

IV.  18 U.S.C. § 3553(a) Factors

The Court previously analyzed the § 3353(a) factors as applied to Jordan and found that they "weigh against his request for compassionate release." (ECF No. 79, PageID.552).  Jordan presents no new facts that alter the Court's prior analysis.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that defendant's emergency motion for compassionate release (ECF No. 89) is DENIED.

Dated:  March 3, 2021

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 3, 2021, by electronic and/or ordinary mail and also on Antonio Jordan #43948-039, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

s/Brianna Sauve
Deputy Clerk